# Sidney Land & Colony Co. *v.* Milner, Caldwell & Flowers Lumber Co.

*Bill in Equity to abate the Purchase Price of Land and for Injunction.*

1. *Bill to abate the purchase price of land and to enjoin the foreclosure of mortgage; when admission as to some of the averments of the bill will not authorize relief.*—When in a bill

[Sidney Land & Colony Co. v. Milner, Caldwell & Flowers
Lumber Co.]

filed to abate the purchase price of land sold and to enjoin
the foreclosure of a mortgage given to secure the payment of
the purchase money of such lands, it is averred that the land
so sold and conveyed to the complainant aggregated more
than twenty thousand acres, and the purchase price fixed was
forty · thousand dollars, and the mortgage was given to
secure the deferred payment of thirty-five thousand dollars,
and it is further averred that at the time of the sale and con-
veyance by the respondent to the complainant, a large quan-
tity of the land aggregating several thousand dollars in value
was not owned by the defendant, as represented, but was in
the possession of other persons, and the defendant in his ·
answer fully, directly and positively denies the averment of
a want a title to the lands conveyed, with the exception of a
five acre lot, and as to this he confesses, the answer averring
facts to show that said five acres were included in the deed
by mistake or oversight, and offering to abate the purchase
price as to the value of said land, as valued in the sale, a
court of equity, on a comparison of benefits and detriments,
will not enjoin the foreclosure of the mortgage on the twenty
thousand acres of land to enforce the payment of the thirty-
five thousand dollars, in order to conserve the complainant's
right to an abatement of the price as to the five acre lot.

2.   *Same; when injunction properly dissolved.*—When a bill is filed
by a purchaser to abate the purchase price of lands purchased
by him and to enjoin the foreclosure of a mortgage given
to secure the deferred payments, upon the ground that at the
time of the sale and execution of the conveyance, the defend-
ant.vendor was not the owner of a large portion of the lands
so conveyed, as represented, but that said lands were owned
and were in the possession of third persons, and in his answer
the defendant fully, positively, directly and categorically de-
nies the averments of the bill of a want of title to all of the
lands, the interlocutory injunction restraining the foreclosure
of the mortgage to secure the deferred payments of the pur-
chase money is properly dissolved upon the denials of the
answer, on motion made by the respondent.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. W. L. PARKS.

The facts in the case are sufficiently stated in the opin-
ion.

JESSE F. STALLINGS and WARD & HOUGHTON, for ap-
pellant.—If the vendee has received a deed and its cov-
enants are broken by an outstanding incumbrance, it is

[Sidney Land & Colony Co. v. Milner, Caldwell & Flowers
Lumber Co.]

competent for a court of equity when the vendor is insolvent, to restrain the collection of so much of the purchase money as will compensate for the injuries resulting from the breach, or order it appropriated to the extinguishment of the incumbrance.—*McLemore v. Mabson*, 20 Ala. 137; *Wilkinson r. Searcy*, 74 Ala. 242; *Magee v. McMilland*, 30 Ala. 420; *Kelly v. Allen*, 34 Ala. 663; *Lindsey v. Veasy*, 62 Ala. 421; *Jackson v. Elliott*, 100 Ala. 669. And in a proper case when vendor is solvent the court will order a recission of the contract and repayment of the money paid.—*Perry v. Boyd*, 126 Ala. 162.

The next question of importance is as to the insolvency of respondent. It is admitted by the answer that the claim against complainant is its sole assets, but it seeks to avoid the effect of the allegation that the proceeds would be divided amongst its stockholders, by averring that its stockholders are solvent. This is an affirmative, independent averment, not a denial of the allegation, and consequently not of weight on the motion to dissolve.— *Jackson v. Jackson*, 91 Ala. 202; *Birmingham R. R. v. Bessemer*, 98 Ala. 274. It should not be considered for any purpose.—*Mabel Mining Co. v. Pearson*, 121 Ala. 567.

GRAHAM & STEINER and LANE & CRENSHAW, *contra.*— It is the general rule that a sworn answer will be taken as true when responsive to the bill, and contains full, fair and positive denials of the facts on which the equity of the bill rests.—*Hartley v. Mathews*, 96 Ala. 224; *L. & N. R. R. Co. v. Philyaw*, 94 Ala. 463. This general rule obtains in all cases, unless there is some peculiar phase of the case disclosed by the pleadings, showing that dissolution of the injunction will result in irreparable injury to complainant, and particularly when defendant will suffer no injury by continuing the injunction. From a careful reading of the bill and answer, the chancellor could not have reached any other conclusion than that the answer denies fully and fairly all the facts on which the equity of the bill rests.

McCLELLAN, C. J.—On June 26, 1902, the appellee, the Lumber Co., sold and conveyed to the appellant, the

Sidney Co., certain parcels of land aggregating more than 20,000 acres for $40,920. Of the purchase money $5,000 was paid at the time of sale, and for the balance the Sidney Co. executed three notes, one for $17,960 due January 1, 1903, one for $8,980 due July 1, 1903, and one for $8,980 due January 1, 1904, each bearing interest at the rate of 6 per cent. To secure the payment of these notes the Sidney Co., on the date of the sale and conveyance, executed a mortgage on said land to the Lumber Co., with power of sale upon default in the payment of any of them. Such default having occurred in respect of the first note, the Lumber Co., was proceeding to exercise its power of sale by advertising the same, etc., when this bill was filed by the mortgagor against the mortgagee company. Its main purpose is to have the purchase money the complainant contracted to pay for the land abated to the extent of the value of certain parcels of the land of which, it is claimed, the respondent had no title, or not such title as the deed of conveyance warranted. To the effectuation of this purpose in the final decree prayed for, an interlocutory injunction of the sale under the power was prayed and granted. Upon the coming in of the answer the respondent moved to dissolve this injunction on the grounds, *first,* that the answer denies all the material allegations of the bill, and, *second,* that there is no equity in the bill. On the hearing of this motion, the chancellor dissolved the injunction, resting his decree on the first ground, the denials of the answer. From that decree the present appeal is prosecuted.

It is averred in the 5th paragraph of the bill that certain named parties were, at the time of the sale and conveyance by respondent to complainant, severally in possession of certain described parcels of said land claiming to own the same, and that they ever since have been and are now so in possession of said parcels, respectively. The value of each of these tracts is stated, and their areas, aggregating about $7,000 and about 700 acres. And it is further averred that respondent knew at the time of the sale that it had no title to any of these lands, and that with the purpose and intent to defraud complainant,

respondent represented through its president and general manager that said lands belonged to the respondent, that it had a good and sufficient title thereto and a lawful right to sell, convey and put complainant in possession of the same. One of the parcels involved in these averments is a five acre lot which one Wright is alleged to own and be in possession of. As to this lot the answer confesses the bill, but shows that this lot was embraced in the deed to complainant by an oversight, explains fully how it came about, and offers to abate the purchase money to the extent of its value, or rather valuation in the sale. If the answer in this respect may not be treated as eliminating this lot from the case on the motion to dissolve the injunction for that it is not in denial of the averment of the bill, and if it is not eliminated sheerly by the application of the maxim *de minimis lex non curat* (the lot in question standing to the whole land involved in the ratio of five to twenty thousand, and its value to the whole amount involved in the proportion of ten to forty thousand dollars) yet surely a court of equity on a comparison of benefits and detriments would not enjoin the foreclosure under power of a mortgage on 20,000 acres of land to enforce the payment of $35,000 in order to conserve in this way complainant's right to an abatement of ten dollars of the price for failure of title to five acres of the land, especially when the mortgagee admits and offers to accord the right. As to each of the other parcels of the land referred to in paragraph 5 of the bill, the answer is full, direct, circumstantial and positive in denial of the averments of a want of title therein made, and as to each the answer shows that the respondent had the title at the time of the sale and conveyance to complainant, and how and when and through whom it acquired its title. So far as these lands are concerned, therefore, there can be no question that the case made by the bill was, for the purpose of the motion to dissolve the injunction, fully met and entirely overturned by the answer.

The other averments intended to make a case for abatement of purchase money on the theory that complainant did not get what it contracted for, are contained in paragraph 6 of the bill, which is as follows: "Complainant would further show and allege that the title to the following described land, to-wit:" setting out a great num-

ber of parcels by government calls,. aggregating four or
five thousand acres—"and conveyed to complainant by
respondent was not in respondent when it attempted to
convey the same to complainant as aforesaid; that it did
not have a sufficient title thereto, as is shown by the ab-
stract of title complainant has caused to be made of said
lands since said sale, as aforesaid, which is herein refer-
red to and prayed to be made and considered a part of
this bill and of this paragraph, number 6, with leave of
reference thereto as often as may be necessary, and which
is not hereto attached owing to its great bulk of more
than 475 pages of record size. But the president and
general manager of complainant corporation, placing re-
liance and confidence in the statements and representa-
tions of John J. Flowers, the president and general man-
ager of the respondent corporation, as to the sufficiency
of respondent's titles to all of said lands conveyed or at-
tempted to be conveyed, as aforesaid—representing
among other things that he would personally guarantee
the title to every acre of said land—bought the same and
accepted the deed of respondent thereto, without giving
that attention to the titles that he otherwise would have
done, had it not been for the reliance and confidence plac-
ed by him in the statement of John J. Flowers, president
and general manager, as aforesaid. And complainant
avers that said Flowers grossly deceived and defrauded
your complainant by reason of said false and fraudulent
representations and statements in reference to the suffi-
ciency of the titles of respondent to said property, there-
by securing from complainant said sum of $5,000 paid
on said lands, aforesaid, and said three notes executed
and made payable as aforesaid, in the aggregate sum of
$35,920, besides the sum of about $5,000 ex-
pended by complainant in improvements and re-
pairs on said property. And complainant further
avers that notwithstanding a large lot of said
lands, as aforesaid, worth several thousand dol-
lars, is and was held adversely to respondent at
the time of said sale and is so held to complainant, and
the title to more than five thousand acres of said lands,
as hereinabove set out in this paragraph, is defective and
in danger of being entirely lost to complainant; and said

Flowers, as president and general manager of said respondent corporation, as aforesaid, or individually, as he had agreed to do, refuses to perfect the titles to said lands held adversely, to which the titles are defective, as above set out." All the foregoing averments of fraud and deceit and misrepresentations, and as to personal undertakings and guaranties of the president and general manager of the respondent and of complainant's reliance upon the same are positively and categorically denied by the answer. Beyond these the averments as made really amount to no more than this: that according to the abstract which complainant had made of the titles to the lands, the respondent did not own the parcels described, that some indefinite large part of the lands so described in and at the time of the sale was, held adversely to respondent, and that the title to more than five thousand acres of the land described in this paragraph is defective. These averments are in their last analysis, indeed, only that the respondent did not have title evidenced by muniments—paper title—to these lands, and so they are properly construed in the brief for appellant. They do not negative title in respondent by adverse possession; and on demurrer they should be held insufficient for that reason. Such is the 6th paragraph of the bill. The answer to it, especially when reference is had to the particular character of its averments, we find to be sufficiently definite and positive in denial of the want of title to the land described in this paragraph to support the decretal order dissolving the injunction so far as the writ was rested on said averments.

As we have said, the main purpose of the bill is to have an abatement of the purchase money agreed to be paid because of alleged want of title in the respondent to the lands described in paragraphs 5 and 6; but relief is also sought in respect of an alleged claim of the mortgagee for attorney's fees and in respect of the alleged failure of the respondent to furnish an abstract of titles to the lands sold by it to the complainant and complainant's alleged expenditure to have such abstract made. Without going further into these matters, it will suffice to say that the answer adequately denies all the material averments of the bill in each of these connections, and we do

not understand counsel for appellant to insist that the interlocutory injunction should have been continued on account of them.

Affirmed.